# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03389-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.  Failure to include this number may result in a delay in the consideration of your claims.**)

RAYMOND T. HATCHER,

    Plaintiff,

v.

[NO NAMED DEFENDANT],

    Defendant.

---

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

---

    Plaintiff Raymond T. Hatcher currently resides in Conifer, Colorado.  The $400 filing fee has been paid.

    As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(a), the Court has determined that the submitted documents are deficient as described in this Order. Plaintiff will be directed to cure the following if he wishes to pursue his claims.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

**Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915**:

(1)   ___   is not submitted
(2)   ___   is not on proper form (must use the Court's current form)
(3)   ___   is missing original signature by **Plaintiff**
(4)   ___   is missing affidavit
(5)   ___   affidavit is incomplete
(6)   ___   affidavit is not notarized or is not properly notarized
(7)   ___   names in caption do not match names in caption of complaint, petition or application
(8)   ___   other:

**Complaint or Petition**:

(9)   __   is not submitted
(10)  __   is not on proper form (must use the Court's current form)
(11)  X    is missing an original signature by **Plaintiff**
(12)  __   is incomplete
(13)  __   uses et al. instead of listing all parties in caption
(14)  __   names in caption do not match names in text
(15)  __   addresses must be provided for all defendants/respondents in "Section A. Parties" of complaint, petition or habeas application
(16)  X    other: Sections of the Complaint form have not been completed.  Plaintiff does not name a defendant or state the basis for jurisdiction of this Court. Plaintiff also fails to assert the claims for relief and supporting factual allegations, as well as a request for relief, in the proper section of the complaint form

Furthermore, the Court notes that Linda Hatcher has signed the Complaint for Plaintiff.  To the extent Ms. Hatcher is acting as a guardian or conservator for Plaintiff, under Fed. R. Civ. P. 17(c), she may elect to sue or defend on behalf of an incompetent person.  Ms. Hatcher, however, is not able to assert such claims *pro se* on Plaintiff's behalf.  *See Mann v. Boatright*, 477 F.3d 1140, 1149-50 (10th Cir. 2007) (a legal guardian is not able to bring suit without assistance of counsel) (citing *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986)).

"[I]t is not in the interests of minors or incompetents that they be represented by non-attorneys.  Where they have claims that require adjudication, they are entitled to trained legal assistance so their rights may be fully protected."  *Mann*, 477 F.3d at 1150 (citing *Cheung v. Youth Orchestra Found. of Buffalo*, 906 F.2d 59, 61 (2d Cir. 1990)). Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty days from the date of this Order**.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.  It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved form used in filing a 28 U.S.C. § 1915 motion and affidavit, along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that if Plaintiff fails to cure the designated deficiencies **within thirty days from the date of this Order** the action will be dismissed without further notice.

DATED December 16, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

United States Magistrate Judge